**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| VINCENT LEE ROBINSON, | : | Civil Action No.:11-3964 (JAP) |
| Plaintiff, | : | |
| v. | : | **O P I N I O N** |
| FRANK LOBIONDO, et al., | : | |
| Defendants. | : | |

**APPEARANCES:**

Vincent Lee Robinson, Pro Se
#190359
Atlantic County Justice Facility
5060 Atlantic Avenue
Mays Landing, NJ 08330

**PISANO**, District Judge

    Plaintiff, Vincent Lee Robinson, is currently confined at the Atlantic County Justice Facility, Mays Landing, New Jersey. Plaintiff seeks to bring this action in forma pauperis, alleging violations of his constitutional rights. At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2), and § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the following reasons, the complaint will be dismissed.

## BACKGROUND

Plaintiff seeks to sue Congressman Frank LoBiondo, United States Attorney General Eric Holder, and former President George W. Bush in this complaint seeking monetary damages and other relief under 42 U.S.C. § 1983.

Plaintiff states that on July 2, 1998, he was sentenced to 17 years imprisonment after conviction for gross sexual assault and other crimes in Maine. He was also sentenced to serve six-years probation and directed to register as a convicted sex offender for fifteen years upon his release. (Statement of Claims, ¶ 1). After serving eleven years, on July 28, 2008, Plaintiff was released from Maine State Prison. He was arrested about four months later, and served another year in jail in Maine after violating a condition of probation. On December 22, 2009, he was reinstated to probation. (Statement of Claims, ¶¶ 2-3).

Plaintiff complains about his treatment by probation officers. (Statement of Claims, ¶¶ 4-7). He states that in July 2010, on or around July, 2010, he absconded from probation and left Maine with his fiancée. They went to New York City and became homeless, and then traveled to New Jersey where they remained homeless and lived under the boardwalk at Atlantic City. (Statement of Claims, ¶¶ 8-9).

Plaintiff's whereabouts became known to Atlantic City Police, and he was arrested on October 26, 2010 as a fugitive.

(Statement of Claims, ¶¶ 10-11).  Approximately five months after his arrest, the United States filed a complaint charging him with failing to register under the Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16913, after traveling in interstate commerce, in violation of 18 U.S.C. § 2250(a).  (Statement of Claims, ¶¶ 12-13).

Plaintiff's criminal prosecution is pending in this District Court.  See United States v. Robinson, 11-cr-419 (JEI).  Plaintiff asserts that he has researched SORNA on his own, and argues that SORNA is unconstitutional as applied to him since his conviction predated SORNA.  (Statement of Claims, ¶¶ 14-18).  Plaintiff further argues that Congress exceeded its power under the Commerce Clause in enacting SORNA, and the federal duty to register as a sex offender is unconstitutional.  Thus, Plaintiff argues, his conviction under § 2250(a) "is invalid because the criminal penalty statute demands the Government prove defendant was required to register under § 16913."  (Relief, ¶ 5).

Plaintiff asks for this Court to find his conviction invalid, and to award him monetary relief.

## DISCUSSION

**A.   Standards for *Sua Sponte* Dismissal**

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a District Court to screen a complaint in a civil

3

action in which a plaintiff is proceeding in forma pauperis and to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B).

The pleading standard under Rule 8 was refined by the United States Supreme Court in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). In Ashcroft, the Supreme Court revisited the "final nail-in-the-coffin" for the "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[1] which was previously applied to determine if a federal complaint stated a claim. See Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009). The Supreme Court clarified as follows:

> . . . a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S. Ct. at 1949-1950 (citations omitted).

---

[1] The Conley court held that a district court was permitted to dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Since Iqbal, the Third Circuit has required district courts to conduct, with regard to Rule 8 allegations, a three-part analysis when reviewing a complaint for dismissal for failure to state a claim:

> To determine the sufficiency of a complaint under the [Iqbal] pleading regime . . . , a court must take three steps:  First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Iqbal, 129 S. Ct. at 1947.  Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth."  Id. at 1950.  Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."  Id.

Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010) (internal footnote omitted).

The Court is mindful that the sufficiency of this pro se pleading must be construed liberally in favor of the plaintiff, even after Iqbal.  See Erickson v. Pardus, 551 U.S. 89 (2007).

B.  ***Bivens* and Section 1983 Actions**

As Plaintiff seeks to sue federal officers, his complaint is more properly asserted under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).  In Bivens, the Supreme Court "recognized for the first time an implied private action for damages against federal officers alleged to have

5

violated a citizen's constitutional rights." Correctional Services Corp. v. Malesko, 534 U.S. 61, 66 (2001). The Supreme Court found an implied damages remedy available under the Fourth Amendment. See Bivens, 403 U.S. at 397. The Supreme Court has recognized an implied damages remedy under the Due Process clause of the Fifth Amendment, Davis v. Passman, 442 U.S. 228 (1979), and the Cruel and Unusual Punishment clause of the Eighth Amendment, Carlson v. Green, 446 U.S. 14 (1980). To state a claim for damages under Bivens, a plaintiff must show that federal officers violated his constitutional rights. See Malesko, 534 U.S. at 66.

"A Bivens action . . . is the federal equivalent of the § 1983 cause of action against state actors, [it] will lie where the defendant has violated the plaintiff's rights under color of federal law." Brown v. Philip Morris, Inc., 250 F.3d 789, 801 (3d Cir. 2001). A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Plaintiff's Complaint Must Be Dismissed.**

First, this Court points out that former President Bush is entitled to absolute immunity from damages liability predicated on conduct within the scope of official presidential duties. Nixon v. Fitzgerald, 457 U.S. 731, 749 (1982).  Furthermore, the claims for damages against Congressman LoBiondo are barred by absolute immunity.  See Eastland v. U.S. Servicemen's Fund, 421 U.S. 491, 501-03 (1975).

Additionally, Plaintiff's request for this Court to invalidate his criminal conviction must be denied.  This Court will not interfere in Plaintiff's pending criminal prosecution. If Plaintiff is convicted, his recourse to invalidate his conviction would be by way of the criminal appeals process, and then by motion to his sentencing court under 28 U.S.C. § 2255.

See Preiser v. Rodriquez, 411 U.S. 475 (1973).  Also, any claim for monetary damages is premature until Plaintiff's conviction has been invalidated or overturned in the appeals process. See Heck v. Humphrey, 512 U.S. 477 (1994).

Finally, the Court of Appeals for the Third Circuit recently examined and rejected the constitutional claims presented by Plaintiff.  See United States v. Pendleton, 636 F.3d 78 (3d Cir. 2011), pet. for cert. filed, No. 11-5192 (U.S. July 8, 2011).[2]  In Pendleton, Pendleton appealed his criminal conviction for failing to register under SORNA.  See id.  Pendleton argued that as

---

[2]  The Court of Appeals noted the history of SORNA:

> The Adam Walsh Child Protection and Safety Act of 2006, which included SORNA, "was enacted to close the loopholes in previous sex offender registration legislation and to standardize registration across the states."  In response to previous legislation, by 1996 every state and the District of Columbia had mandatory sex offender registration laws, but "SORNA creates a national sex offender registry with the goal of eliminating inconsistencies among state laws."  When Congress enacted SORNA, it was particularly concerned about the transient nature of many sex offenders and did not want to lose track of sex offenders when they moved from state to state.  Recognizing this, the Eighth Circuit "reject[ed] the suggestion that a savvy sex offender can move to a different city and avoid having to update his SORNA registration by sleeping in a different shelter or other location every night."  Given Pendleton's extensive travel, the government argues that a similar concern regarding transience is present in this case.

Pendleton, 636 F.3d at 82 (internal footnotes and citations omitted).

applied to him, SORNA violated the Due Process Clause because Pendleton did not have fair notice of the federal requirement to register, as he was not required to register under state law. See Pendleton, 636 F.3d at 85.  However, the Court of Appeals rejected his argument.  See id. at 86.  As to Plaintiff's claim that SORNA violated the Commerce Clause, in Pendleton, the Court of Appeals noted that:

> Pendleton claims that Shenandoah does not foreclose his Commerce Clause challenge because in Shenandoah we did not analyze the constitutionality of § 16913 separately from § 2250. He contends that § 16913 is beyond the bounds of the Commerce Clause because it requires registration from all sex offenders, not just those who travel in interstate commerce. The government argues that § 16913 is a valid exercise of Congress's Commerce Clause power through the Necessary and Proper Clause.

Id. at 86-87 (citing United States v. Shenandoah, 595 F.3d 151 (3d Cir. 2010)).  The Court of Appeals examined various cases from the Second, Fifth, and Eighth Circuits which upheld the law, and found that, "we join our sister courts of appeals in holding that § 16913 "is a law made in pursuance of the constitution," M'Culloch, 4 Wheat. 316, 17 U.S. at 424, because it is "necessary and proper for carrying into Execution" Congress's power under the Commerce Clause, U.S. Const. art. I, § 8, cl. 18." Id. at 88.

Therefore, Plaintiff's claims in this civil rights action must be dismissed, for failure to state a claim upon which relief may be granted, and for seeking damages from immune defendants.

**CONCLUSION**

Based on the foregoing, Plaintiff's complaint will be dismissed, pursuant 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii) and 1915A(b)(1) and (2). An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated: January 3, 2012